# 22-1283

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

JIHSHYR YIH,

Plaintiff-Appellant,

v.

TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY

Defendant-Appellee.

_____

On Appeal from the United States District Court
for the Southern District of New York

_____

Reply Brief of Appellant JihShyr Yih

JihShyr Yih, Pro Se
2474 Trelawn Street
Yorktown Heights, New York 10598
914-440-3478

Page 1

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES....................................................................3

INTRODUCTION AND SUMMARY OF ARGUMENT.........................................4

ARGUMENT....................................................................................5

    I. THE DISTRICT COURT'S DENYING YIH'S REMAND MOTION SHOULD BE REVERSED...............................................................5

        A. The Court Erred in Reading the Governing Statue..........................5

        B. The Service of Process Was Proper Based on TSMC's Consent……6

    II. THE DISTRICT COURT'S GRANTING TSMC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH PREJUDICE SHOULD BE REVERSED............................................8

        A. TSMC Is Not Credible and Its Motion to Dismiss Was Untimely....8

        B. The Court Erred in None-Identical Case Issue Preclusion...............8

        C. The Forum State Has Specific Personal Jurisdiction.......................8

            1. TSMC intended Yih a job location in New York....................8

            2. A claim arises from TSMC's New York transactions...........13

            3. The Court has Jurisdiction under CPLR § 302(a)(3)............14

            4. A claim arises from TSMC's use of State property...............14

CONCLUSION.................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

DeLorenzo v. Ricketts & Assocs., Ltd.,
  No. 15-CV-2506, 2017 WL 4277177 (S.D.N.Y. Sept. 25, 2017).......................12

Klinghoffer v. S.N.C. Achille Lauro,
  937 F.2d 44, 50 n.5 (2d Cir. 1991).......................................................................7

Murphy Bros. v. Michetti Pipe Stringing, Inc.,
  526 U.S. 344 (1999).........................................................................................5, 6

Torrent Pharms. Ltd. v. Daiichi Sankyo, Inc.,
  196 F. Supp. 3d 871, 878 (N.D. Ill. 2016)...........................................................6

Yih v. Taiwan Semiconductor Mfg. Co.,
  No. 18-cv-3844, (S.D.N.Y. June 24, 2019) ("Yih I")....................................8, 13

Yih v. Taiwan Semiconductor Mfg. Co.,
  No. 20-cv-4184, (N.D. Cal. Oct. 27, 2020) ("Yih III").....................6, 7, 11, 12

**STATUES**

28 U.S.C. § 1446(b).................................................................................................5, 6

CPLR § 302..................................................................................................13, 14, 15

## **INTRODUCTION AND SUMMARY OF ARGUMENT**

This appeal is about whether this case should be remanded back to State Court and whether State has the necessary jurisdiction. For the remand, the issue focuses on whether the removal was timely. The District Court erred in reading the governing statue by plain language, contradicting the Supreme Court's profound interpretation. TSMC now cites a Congress' provision for the statue, which has evolved materially, as if the provision still controlled the statue. TSMC also erred by denying its consent to Yih on the process service method, and by declaring that TSMC was not properly served for the removal to be untimely. Then, the District Court erred in jurisdiction. *First*, TSMC is not credible. *Second*, TSMC's Motion to Dismiss was untimely because of the late removal. *Third*, the Court relied on a misrepresentation of a disputed statement, which was further misrepresented as a holding in a not materially identical case, to preclude the issue. Whereas, new causes of action and new evidence of TSMC's acts, show that State has jurisdiction under State law without offending due process. Particularly, TSMC sought out Yih's substantial New York contacts, and allowed him to work globally including regularly in New York, within which TSMC employs staff and transacts business.

# ARGUMENT

## I. THE DISTRICT COURT'S DENYING YIH'S REMAND MOTION SHOULD BE REVERSED

### A. The Court Erred in Reading the Governing Statue

**The First Argument by TSMC**

"The plain language of the governing statues makes clear that TSMC's notice of removal was timely." Dkt. 52 Brief for TSMC ("TSMC Br.") at 25.

**Yih's Reply to the First Argument by TSMC**

The Hon. U.S. Supreme Court Chief Justice Rehnquist in his dissent clearly indicated that the court held that "the plain language of the statute should not control" the reading of 28 U.S.C. § 1446(b), the governing statue for removal. *Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344 (1999).

**The Second Argument by TSMC**

'Section 1446 was written to "ensure the defendant would have access to the complaint before the commencement of the removal period,"' quoting *Murphy Bros.* at 351. *Id*. at 27.

**Yih's Reply to the Second Argument by TSMC**

When Section 1446 was written, **the original removal period was 20 days, not the current 30 days**. *See Murphy Bros.* at 352. The Supreme Court did not hold that the new removal period must not start before the receipt of the complaint under the evolved statue; but, held that "a named defendant's time to remove is triggered by the simultaneous service of the summons and complaint." *Id*.

### B. The Service of Process Was Proper Based on TSMC's Consent

#### The Third Argument by TSMC

TSMC representative Chao's "declaration at most reflects TSMC's decision not to contest service in [*Yih v. Taiwan Semiconductor Mfg. Co.*, No. 20-cv-4184, (N.D. Cal. Oct. 27, 2020) ("*Yih III*")]." TSMC Br. at 33.

#### Yih's Reply to the Third Argument by TSMC

Chao declared in *Yih III* that "[t]he summons and complaint were **served via Taiwan's postal service**." Dkt. 38 Appendix at 59 ("A-59") ¶ 2 emphasis added. Defying plain interpretation groundlessly, TSMC mistakenly argues that 'the use of the word "served" did not concede proper service' in *Yih III*. TSMC Br. at 33. TSMC's citing of *Torrent Pharms. Ltd. v. Daiichi Sankyo, Inc.*, 196 F. Supp. 3d 871, 878 (N.D. Ill. 2016) ("[W]here a party . . . has merely failed to contest

jurisdiction in some prior case, equity does not require the party to adhere to that position in a later case.") is irrelevant because TSMC conceded, and agreed to a simpler method for process service, which is not jurisdiction.

### The Fourth Argument by TSMC

"Service in prior lawsuits against TSMC is irrelevant." TSMC Br. at 32.

### Yih's Reply to the Fourth Argument by TSMC

TSMC's citing of *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 50 n.5 (2d Cir. 1991) ("A party's consent to jurisdiction in one case . . . extends to that case alone.") is irrelevant because jurisdiction depends on different causes of action under a possibly different jurisdiction standard in each case. The unconditional consent from TSMC to Yih on a method for service of process in *Yih III* reasonably extends to this related action because the two share the same causes of action, and are deemed "materially identical" by TSMC. TSMC Br. at 12. Otherwise, there would be contradictory affidavits: TSMC agrees with a way regardless of legal standards; and it disagrees with the way under State law. *See* A-59 ¶ 2, A-45 ¶¶ 2, 3, 4, 5. There is no dispute that a same method was used in these two cases. Therefore, TSMC was served the process in State Court.

## II. THE DISTRICT COURT'S GRANTING TSMC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH PREJUDICE SHOULD BE REVERSED

### A. TSMC Is Not Credible and Its Motion to Dismiss Was Untimely

*See* Yih Br. and additional argument in this brief.

### B. The Court Erred in None-Identical Case Issue Preclusion

TSMC Chang's disputed statement that "if [Yih] got a job with TSMC, he would have to relocate to Taiwan" was misrepresented by TSMC counsel as "[h]ad [Yih] been hired, his position would have been in Taiwan," and then blatantly as a holding, that never was, in *Yih v. Taiwan Semiconductor Mfg. Co.*, No. 18-cv-3844, (S.D.N.Y. June 24, 2019) (*"Yih I"*). Yih Br. at 27. This case has new evidence of subsequent events, new evidence not possible by due diligence, and new causes of action, all making exceptions to issue preclusion by *Yih I. Id.*

### C. The Forum State Has Specific Personal Jurisdiction

#### 1. TSMC intended Yih a job location in New York.

**The Fifth Argument by TSMC**

"And there is no evidence (or allegation) that TSMC even knew where Yih resided until after they decided to interview him. In short, the only thing that

Page 8

TSMC did that related to New York was to talk briefly by videoconference and telephone with someone who happened to be in New York." TSMC Br. at 44.

### Yih's Reply to the Fifth Argument by TSMC

Yih begs to differ. *First*, New York is "vital" to TSMC. Lower Court Dkt. 37 at 12. TSMC has substantial investment, employment, and contacts in New York partnering with IBM. *See* A-55 ¶ 2, A-56 ¶ 3. TSMC or its agent solicits business in the State to supply semiconductor chips, including for IBM mainframes and other premium servers. *See* A-36 ¶ 8, A-56 ¶ 5. *Second*, Yih did not solicit TSMC for jobs. Rather, TSMC and its agent LGR sought out Yih for his experiences, who has worked decades for IBM, a New York corporation. *See* A-38 ¶¶ 17, 18, A-36 ¶ 2, Dkt. 53 Sup. Appendix at 17. *Third*, TSMC knew that Yih resided in New York before the first interview because Yih told TSMC about his residency in email to set up the meeting time for the interview from Taiwan to New York. *See* A-57 ¶ 10. TSMC representative Chang also declared that "[he] conducted a preliminary screening interview ... with [Yih,] who was located at his home in New York State." A-48 ¶ 7. More important, TSMC **subsequently** considered Yih for two more jobs, knowing that he was residing in New York.

Page 9

"[On 08/02/2017] Chang ... described a second job [to Yih]." A-38 ¶ 25. "On or about 08/07/2017, headhunter Huang confirmed the second job [with Yih]." A-39 ¶ 28. "[On or about 09/05/2017,] Headhunter Huang also mentioned a third job in TSMC..." A-39 ¶¶ 30, 31. "As expected, on or about 09/25/2017, Tso, Sr. VP CIO, interviewed Yih at his home using a Skype video call." A-39 ¶ 32. The above evidence shows or raises an inference that TSMC knew that Yih resided in New York before Yih was considered for the second and third positions. TSMC's argument is pretext to avoid jurisdiction by denying its intent, and is suspect.

### The Sixth Argument by TSMC

"Yih nowhere alleges that anyone told him that he could work in New York or ... why he believed [a work location] would be in New York. TSMC Br. at 45.

### Yih's Reply to the Sixth Argument by TSMC

TSMC supervisor Wenwei Chang told Yih, and TSMC's agent LGR headhunter Huang confirmed to Yih, about TSMC's such intention that, if hired as VP, CPO in TSMC, Yih was expected or allowed to work in global locations including one in New York for initiatives across the company. 'Chang ... described a second job, [VP, CPO].' A-38 ¶ 25. "[H]eadhunter Huang confirmed the second

job [was] to develop [...] corporate planning for CEO decisions […, and to] coordinate organizations across the company." A-39 ¶ 28. "Yih was recruited by TSMC or its agent for [the VP, CPO position] with responsibilities to create global initiatives." A-42 ¶ 51. TSMC also employs staff in New York for the G450C Consortium contract and other businesses. *See* A-55 ¶ 2, A-56 ¶ 4. TSMC does not or cannot dispute the aforementioned facts. TSMC Chao's false declaration that "no TSMC employees are working in New York,' and "TSMC has no presence in the State of New York," causes TSMC's credibility. A-50 ¶¶ 6, 7. All the above evidence **objectively** supports Yih's allegation that "[TSMC would have Yih] a regular work location [in New York] to continue and expand the contacts of TSMC in the State." A-36 ¶ 6. TSMC's argument is pretext to avoid jurisdiction, and is suspect. Yih argued in the record (Lower Court Dkt. 37 at 12) that Chao also knew all along before the commencement of this action about TSMC's employment and presence in New York for the G450C contract, from Yih's declaration in *Yih III* Dkt. 19-1 ¶ 10, because Chao declared on 09/01/2020 in *Yih III*: "I have read, and am familiar with, Plaintiff JihShyr Yih's ... Declaration ... in Support of [his] Opposition to [TSMC]'s Motion to Dismiss the Complaint." *Yih III* Dkt. 20-1 ¶ 3.

### The Seventh Argument by TSMC

'Yih seeks to rely on a series of LinkedIn profiles to suggest that TSMC has previously employed or currently employs individuals in New York. But a plaintiff "may not rely on a LinkedIn profile to establish jurisdiction, as such an online profile is hearsay and does not qualify as admissible evidence." *DeLorenzo v. Ricketts & Assocs., Ltd*., No. 15-CV-2506, 2017 WL 4277177, at *7 n.13 (S.D.N.Y. Sept. 25, 2017), ... Regardless, even evidence of other individuals who worked in New York in other positions at other times could not demonstrate that Yih himself was being considered for a position in New York.' TSMC Br. at 46.

### Yih's Reply to the Seventh Argument by TSMC

In *Yih III*, the LinkedIn webpages of those TSMC employees located in California, were inadmissible solely for lack of authentications for the webpages. *See Yih III* Dkt. 27 Order, a footnote at 2. No such mistakes were made in this action, and the District Court did not hold any of Yih's exhibits inadmissible. Yih already argued in Yih Br. that the so called "linkedIn profile" in *DeLorenzo* was narrowly meant for the approximate residence location generated by Linkedin.com for a user, but not the actual work locations authored by users themselves. For

Yih's alleged second intended job in CPO, there is another TSMC employee "Guogang (Greg) Zuo" [also] in CPO, who works in New York [after *Yih I*]. A-56 ¶ 4. Yih does not solely depend on exhibits from LinkedIn.com. Yih's declaration that TSMC employees "Louis Lin" and "Stock Chang" presently work on G450C, is also corroborated by exhibits from "TSMC Annual Report" and "New York State Government." *Id*., A-55 ¶ 2, A-58 ¶ 17. TSMC's argument is pretext to avoid jurisdiction, and is suspect. In light of the above reasons, Yih has showings that TSMC intended to have a job location for Yih in New York.

## 2. A claim arises from TSMC's New York transactions.

### The Eighth Argument by TSMC

'*First*, Yih's allegations do not demonstrate that TSMC purposefully directed *any* activity to New York, much less any "transaction of business."' TSMC Br. at 48. '*Second*, jurisdiction under § 302(a)(1) is also unavailable because Yih's claims do not "arise from" TSMC's brief communications with him, as New York's long-arm statute requires.' TSMC Br. at 50.

### Yih's Reply to the Eighth Argument by TSMC

No additional words are needed to this argument. *See* Yih Br. at 30.

### 3. The Court has Jurisdiction under CPLR § 302(a)(3).

TSMC's argument is addressed in Yih Br. at 30-33.

### 4. A claim arises from TSMC's use of State property.

### The Ninth Argument by TSMC

"TSMC does not … use … property in New York." TSMC Br. at 52. "Yih offers no evidence that TSMC has been involved in G450C more recently, much less any evidence linking his claims to G450C. Any real property involved in G450C is thus irrelevant … of § 302(a)(4)." *Id*. at 53.

### Yih's Reply to the Ninth Argument by TSMC

Yih alleged that "TSMC or its agent uses real property situated within the State." A-37 ¶ 12. TSMC's counter argument that it does not use property in New York, is neither sufficient nor based on evidence. TSMC representatives Hung and Chao merely declared that "TSMC has no property in New York," and that "TSMC does not maintain an office in New York." A-52 ¶ 3 and A-51 ¶ 8, respectively. Whereas, it is evidenced that TSMC employees use G450C "real property" situated at State University in Albany, New York, and that "Louis Lin" and "Stock Chang" presently work in "Albany NY for the G450C." A-55 ¶ 2 and A-56 ¶ 4. TSMC

Page 14

does not produce any G450C evidence. Yih alleged that "[b]ut for the discrimination, Yih would have used laboratory facilities at the State Univ. of New York, Albany, as a TSMC employee for business, including research." A-37 ¶ 13. As argued earlier, Yih's intended second job would have allowed him to create such initiative where TSMC operates. If TSMC never uses real property situated in New York, Yih would not be able to claim that he suffers lost of employment "at State Univ. of New York, Albany, or home office" in New York. A-36 ¶ 6. *See* also Yih Br. at 34-35. Therefore, this case arises from TSMC's use of real property situated in New York, invoking CPLR § 302(a)(4).

## CONCLUSION

For the foregoing reasons, Yih requests this Court to reverse the District Court's order denying Yih's Remand Motion and granting TSMC's Motion to Dismiss for lack of personal jurisdiction with prejudice, and remand the case back to the State Supreme Court, Westchester County, for further proceedings. Respectfully submitted,

Date: October 26, 2022          By: /s/ JihShyr Yih
                                                 JihShyr Yih, Ph.D.
                                                 Pro Se Plaintiff-Appellant